**McDOWELL ASSOCIATES, Inc.,**
**Plaintiff,**
v.
**The PENNSYLVANIA RAILROAD,**
**Defendant.**

United States District Court
S. D. New York.
Jan. 16, 1957.

See also, D.C., 142 F.Supp. 751.

Bigham, Englar, Jones & Houston, New York City, for plaintiff.

Bleakley, Platt, Gilchrist & Walker, New York City, for defendant.

CASHIN, District Judge.

Plaintiff herein seeks by separate motions (a) to quash the service of a subpoena duces tecum, and (b) to compel the production under Fed.Rules Civ.Proc. rule 34, 28 U.S.C.A. of certain designated documents within the possession, custody and control of defendant.

Defendant caused to be issued by the clerk a subpoena duces tecum directed to Alexander Smith & Company, by William Kennedy, secretary. The documents subpoenaed were to be used in the taking of an oral deposition of R. P. Ridges, formerly vice-president and comptroller of Alexander Smith & Company. Previously defendant had noticed the taking of the deposition of Alexander Smith & Company as a witness by various of its officers, not including Mr. Kennedy, and had served a subpoena duces tecum pursuant to said notice upon J. M. Elliot, chairman, for the production of certain records not coextensive with the records demanded in the subpoena attacked herein.

■ Defendant contends that it is entitled to have the documents produced for the purpose of refreshing the recollection of Mr. Ridges on his oral examination. It is apparent that the subpoena was improvidently issued. Rule 45(d) authorizes the issuance of a subpoena directed only to persons named in a notice to take a deposition. Since Mr. Kennedy has not been named in any notice, the subpoena directed to him must be quashed.

■■ Defendant opposes the motion for production on the ground that good cause has not been shown. His objection, however, has no merit. Plaintiff is suing for damage to 13 carloads of machinery delivered to defendant for shipment from Newark, New Jersey to Greenville, Mississippi. All of the documents demanded are either records of defendant with relation to the shipment, which are kept in the regular course of business, records of investigations of the damage involved in the suit, or records tending to show the condition of the cars used in the shipment or the condition of the area where the cars were loaded. All such records are clearly relevant within the meaning of Rules 26(d) and 34 and thus available to plaintiff. Defendant states that plaintiff has not shown that such documents are in existence. Plaintiff has, however, shown that they are ordinarily maintained by

a railroad. From this fact, the inference is clear that defendant did maintain such records. Defendant does not deny their existence. On this record, a requisite showing of good cause has been made.

Settle an order on each motion.