(No. 51353.—

THE PEOPLE *ex rel.* ARTHUR FISHER *et al.*, Appellants, v. BERNARD CAREY, State's Attorney, Appellee.

*Opinion filed October 19, 1979.*

James J. Doherty, Public Defender, of Chicago (Matthew J. Beemsterboer, Frank R. Rago, and Barry M. Lewis, Assistant Public Defenders, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Myra J. Brown, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

James Doherty, public defender of Cook County, filed this class action, on behalf of Arthur Fisher and others who have been or will be charged with criminal offenses, to enjoin Bernard Carey, the State's Attorney of Cook County, from intercepting subpoenaed police reports. The State's Attorney filed a third-party action to enjoin the public defender from causing the issuance of *subpoenas duces tecum* upon the police department. The circuit court

of Cook County, in a written opinion, denied both requests for injunctions, but held that the public defender must first seek production of the police reports under our rules of discovery (58 Ill. 2d Rules 411, 414, 415; 65 Ill. 2d Rules 412, 413) before utilizing *subpoenas duces tecum;* and that the State may not intercept police reports which have been subpoenaed, but the police must deliver the subpoenaed documents directly to the court. The public defender appealed and the State's Attorney cross-appealed to the appellate court, which affirmed, with a dissent (64 Ill. App. 3d 239). We allowed the public defender's petition for leave to appeal (65 Ill. 2d R. 315).

The undisputed facts are that the public defender, frequently before an information has been filed or an indictment returned against one who has been arrested, seeks a police report through the issuance of *subpoenas duces tecum.* The police department's records division collects the materials and sends them to the assistant State's Attorney assigned to the courtroom in which the particular case will be heard. The assistant State's Attorney reviews the materials and then turns all or some of them over to defense counsel. Neither the Chicago Police Department nor the corporation counsel has taken a position in the action, but both want the matter resolved to avoid duplication of work.

The State's Attorney's contention is essentially the same as the circuit and appellate courts' holdings. Rule 411 (58 Ill. 2d R. 411) states clearly that our discovery rules "shall become applicable following indictment or information and shall not be operative prior to or in the course of any preliminary hearing." From this, the State's Attorney argues that a *subpoena duces tecum* to obtain discoverable material before a preliminary hearing, when such material can be obtained after a probable cause determination but before trial, is improper. Only if defendant's discovery efforts, under our rules, are unsuc-

cessful may he seek the material by subpoena, the State's Attorney maintains. He argues this on the grounds that the use of a *subpoena duces tecum* may not be used to circumvent our discovery rules, and that Rule 412(g) (65 Ill. 2d R. 412(g)) provides for the issuance of a subpoena only if the "State's efforts" to gather discoverable material from other "governmental personnel" are unsuccessful. (The State's Attorney says that police reports, as the public defender sought or seeks for his clients here, are discoverable under Rule 412(a)(vi) (65 Ill. 2d R. 412(a)(vi)).) The State's Attorney is also concerned about the burden of paper work subpoenas might place on the police department. The public defender's contentions are that our discovery rules could not abolish or limit the use of subpoenas as determined by the courts below because a subpoena is a judicial compulsory process protected by the sixth amendment; discovery and subpoenas are unrelated (in that the former procedure attempts "to see what you can find" while the latter process seeks specified items); and the State's Attorney should not be permitted to intercept *subpoenaed* reports even though Rule 412(f) permits the State's Attorney to "ensure \*\*\* a flow of information" between the investigative bodies and the defendant in the course of discovery.

We note that although the State's Attorney prays for affirmance of the orders of the trial and appellate courts, which held that subpoenaed police reports must go directly to the court, he still somewhat inconsistently argues that his staff has a right to review the subpoenaed records of "our investigative body" before the court or the defendant gets them. (He cites our discovery rules (*e.g.*, 65 Ill. 2d R. 412) as the basis for this view.) We note, too, that the public defender, apparently also inconsistently, during oral argument said that he was not opposed to the State's Attorney acquiring and reviewing the police documents first. However, the public defender believes both

sides should inspect the subpoenaed documents in order to be able to inform the court what the other side objects to being disclosed or has possibly removed. Under the discovery rules, the State's Attorney is the conduit which ensures that "all material and information relevant to the accused" be given to him (65 Ill. 2d R. 412(f)). The police department of the city of Chicago is at once in the position of third party, as the public defender claims, yet an investigative agency of the Cook County State's Attorney, as the latter claims. We believe, despite this dual role, the appropriate resolution should be as the courts below held. Subpoenaed material should be sent directly to the court because the subpoena is a judicial process or court writ, whereas discovery is the parties' procedure, a distinguishable concept under our rules (Rule 412(g) views subpoenas separately). The court then determines the relevance and materiality of the materials, and whether they are privileged (*cf. People v. Wolff* (1960), 19 Ill. 2d 318, 327; *People v. Wright* (1964), 30 Ill. 2d 519, 532-33), as well as whether the subpoena is unreasonable or oppressive. The State's Attorney, of course, must be fully aware of the records sought from the investigative agency by the subpoena in order for him to object.

We now reach the specific issue here: whether a *subpoena duces tecum* may issue for normally discoverable police reports before the determination of probable cause but after an accused has been "charged" or "booked."

The use of subpoenas or "to have compulsory process for obtaining witnesses in his favor" (*subpoenas ad testificandum*) in "all criminal prosecutions" is guaranteed by the sixth amendment to the Federal Constitution, and applicable to State criminal proceedings. (*Washington v. Texas* (1967), 388 U.S. 14, 23, 18 L. Ed. 2d 1019, 1025, 87 S. Ct. 1920, 1925; U.S. Const., amend. VI.) This guarantee encompasses the production of documentary evidence by *subpoenas duces tecum*. (*United States v. Burr*

(C.C.D. Va. 1807), 25 F. Cas. 30, 35 (delivered by Mr. Chief Justice Marshall while riding circuit); *United States v. Schneiderman* (S.D. Cal. 1952), 106 F. Supp. 731, 735; 8 J. Wigmore, Evidence secs. 2191, 2193 (rev. ed. 1961). See *Wilson v. United States* (1911), 221 U.S. 361, 372-75, 55 L. Ed. 771, 776-77, 31 S. Ct. 538, 541-42.) It is clear it is "a classic, recognized method for compelling the production of documents" (*Larson v. Commonwealth Edison Co.* (1965), 33 Ill. 2d 316, 326) and a constitutional judicial process which cannot simply be done away with or its use curtailed by our discovery rules without our seeking guidance or having substantial reason. On the basis of authority and reason, we decline to hold that the public defender may not subpoena police reports prior to a preliminary hearing.

In 1807, Mr. Chief Justice Marshall, resolving the specific problem of a defendant's subpoena directed to the President, commented at length on subpoenas in general. His statements, germane here, were:

"What can more effectually elude the right to a speedy trial than the declaration that the accused shall be disabled from preparing for it until an indictment shall be found against him? It is certainly much more in the true spirit of the provision which secures to the accused a speedy trial, that he should have the benefit of the provision which entitles him to compulsory process as soon as he is brought into court. ***

Upon immemorial usage, then, and upon what is deemed a sound construction of the constitution and law of the land, the court is of opinion that any person charged with a crime in the courts of the United States has a right, before as well as after indictment, to the process of the court to compel the attendance of his witnesses. Much delay and much inconvenience may be

avoided by this construction; no mischief, which is perceived, can be produced by it. The process would only issue when, according to the ordinary course of proceeding, the indictment would be tried at the term to which the subpoena is made returnable; so that it becomes incumbent on the accused to be ready for his trial at that term." (*United States v. Burr* (C.C.D. Va. 1807), 25 F. Cas. 30, 33-34.)

The constitutional origin of the subpoena in the sixth amendment and the antiquity of the use of subpoenas (see above) persuade us that its use is not dependent upon our discovery rules. The Supreme Court's comments in *United States v. Nixon* (1974), 418 U.S. 683, 698, 41 L. Ed. 2d 1039, 1058, 94 S. Ct. 3090, 3103, citing *Bowman Dairy Co. v. United States* (1951), 341 U.S. 214, 220, 95 L. Ed. 879, 885, 71 S. Ct. 675, 679—that the subpoena "was not intended to provide a means of discovery for criminal cases"—are also persuasive. "To ensure that justice is done, it is imperative that compulsory process be available for the production of evidence needed either by the prosecution or by the defense." (*United States v. Nixon* (1974), 418 U.S. 683, 709, 41 L. Ed. 2d 1039, 1064, 94 S. Ct. 3090, 3108.) Finally the statutory provision—that "[i]t shall be the duty of the clerk of the court to issue subpoenas, either on the part of the people or of the accused ***" (Ill. Rev. Stat. 1975, ch. 38, par. 155—2)—is also persuasive evidence that the use of subpoenas is a judicial process, constitutionally and statutorily independent of this court's discovery rules. We find nothing in the above authorities which commands the public defender to first utilize our discovery rules before utilizing subpoenas, especially when those rules apply only after a preliminary hearing. If that were so, he would be effectively barred from any formal recourse to evidence gathering until after the determination of probable cause. (We note, without

attaching particular significance at this time, that the State may subpoena witnesses and documents for grand jury proceedings.)[1]

In addition to our conclusion that this court's discovery rules may not, without substantial reason, and do not here, limit a criminal party's access to a court's compulsory process, we find another reason for permitting the public defender to subpoena police reports which are not privileged (*People v. Moses* (1957), 11 Ill. 2d 84, 89) subsequent to charging an accused but before a preliminary hearing. A preliminary hearing is a critical stage of criminal proceedings necessitating the presence of defense counsel. (*Coleman v. Alabama* (1970), 399 U.S. 1, 9-10, 26 L. Ed. 2d 387, 397, 90 S. Ct. 1999, 2003. Accord, *People v. Adams* (1970), 46 Ill. 2d 200.) Presence of counsel at the preliminary hearing implies more than observation. Counsel is expected to skillfully examine and cross-examine witnesses to expose weaknesses in the State's case; "fashion a vital impeachment tool for use in cross-examination" at trial; and discover the State's case against a defendant. (*People v. Adams* (1970), 46 Ill. 2d 200, 206.) If defense counsel is to do this effectively, he must be prepared. It does not seem unreasonable to allow defense counsel access by subpoena to police reports that are not privileged to adequately prepare. Our decisions in *People v. Tennant* (1976), 65 Ill. 2d 401, 411, and *People v. Horton* (1976), 65 Ill. 2d 413, 417, are supportive: "where *** there was an adequate opportunity for cross-examination of the preliminary hearing testimony of a witness who dies prior to trial, the earlier testimony of that witness is properly admitted at trial" (*People v. Tennant* (1976), 65 Ill. 2d 401, 411); "[a]dequate

---

[1]In oral argument, the State's Attorney said he had no objection to a defendant presenting witnesses at a preliminary hearing. Would he object to a defendant attempting to subpoena a witness for a preliminary hearing?

opportunity to cross-examine means an opportunity to effectively cross-examine, and merely providing an opportunity to cross-examine at the preliminary hearing is not *per se* adequate opportunity" (*People v. Horton* (1976), 65 Ill. 2d 413, 417). Moreover, focusing on the period of time between being "charged" and the preliminary hearing, and given the "critical" character of the latter, we believe the four requirements for issuance of a subpoena, set out in *United States v. Nixon* (1974), 418 U.S. 683, 699-700, 41 L. Ed. 2d 1039, 1059, 94 S. Ct. 3090, 3103, have been met in the cases before us:

"(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.' "

The State's Attorney is concerned that allowing police reports to be subpoenaed prior to preliminary hearings will place a burden on the police department. The department itself has not objected but only wants to produce the records once. (Apparently the public defender would cause a second subpoena to issue if the State's Attorney failed to turn over the requested materials.) The State's Attorney has failed to demonstrate that the police department would be unduly burdened.

In view of our holding that the State's Attorney may not be the conduit for subpoenaed police reports, we believe it unnecessary or redundant, then, to enjoin him from intercepting those materials. He may not intercept them. However, as we stated earlier, this does not bar him from seeing what materials the public defender's subpoena

of police report has produced. He must have knowledge of the materials in order to raise reasonable objections to subpoenas.

We share the State's Attorney's concern that the issuance of *subpoenas duces tecum* prior to a preliminary hearing could be abusive and could be utilized as a discovery tool. Accordingly, we limit our holding: a police report is subject to a *subpoena duces tecum* prior to a preliminary hearing but subsequent to the charging of an accused (which encompasses a formal complaint as well as an information or an indictment (Ill. Rev. Stat. 1975, ch. 38, par. 102–8)). As a term of art, "charging an accused" means and occurs only upon formal presentation of the written statement, accusing a person of the commission of an offense, to the court. (Ill. Rev. Stat. 1975, ch. 38, par. 102–8.) Here, however, we use the term loosely to encompass the time, prior to a preliminary hearing, during which it is or becomes clear what offenses an accused will be formally charged with. We emphasize that the court must not hesitate to act on motions to quash subpoenas which are oppressive, unreasonable or overbroad.

For these reasons we affirm those parts of the decisions below which direct the police department to deliver subpoenaed records directly to the court, deny the public defender's request for injunctive relief, and reverse that portion of the decisions holding that the public defender may not cause a subpoena to be issued until after discovery has proved unsuccessful. The cause is remanded to the circuit court of Cook County for further proceedings consistent with this opinion.

> *Appellate court affirmed in part and reversed in part; circuit court affirmed in part and reversed in part; cause remanded.*