**Herbert K. JONES**

v.

**CONTINENTAL CASUALTY CO.**

**Civ. A. No. 80–0691–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

April 30, 1981.

V. Cassell Adamson, Jr., Richmond, Va., for plaintiff.

Rufus G. Coldwell, Jr., Richmond, Va., Frank B. Miller, III, Mary Louise Kramer, Richmond, Va., for defendant.

## ORDER

WARRINER, District Judge.

This case comes before the Court upon the Motion to Quash filed by the defendant, Continental Casualty Company. The defendant objects to the subpoena duces tecum served upon Henry H. McVey, III. The defendant claims that the materials requested in the subpoena duces tecum are protected under the attorney-client privilege in that they were prepared in anticipation of litigation or for use at trial. The plaintiff has responded to the defendant's motion, and he requests, on a number of grounds, that the subpoena duces tecum be upheld and enforced.

The Court need not reach the merits of any of the substantive grounds discussed by the parties. The subpoena duces tecum will be quashed because in this case the subpoena is being used for a clearly improper purpose.

██ The subpoena duces tecum at issue was served upon a person not a party to this action. By its terms, the subpoena commands the non-party to produce documents at the Clerk's Office. However, the non-party has not been subpoenaed to appear for the taking of his deposition. As such, the subpoena duces tecum has been used by the plaintiff simply as a short-cut in the discovery process.

In *McLean v. Prudential Steamship Co.*, 36 F.R.D. 421, 425–426 (E.D.Va.1965) Judge Hoffman of this Court noted that parties to litigation improperly use a subpoena duces tecum when they seek to employ it for a purpose other than "to aid in the actual trial, i. e., in the giving of depositions or the taking of testimony as far as a civil case is concerned." To support his conclusion, Judge Hoffman relied upon the following holding in *Newmark v. Abeel*, 106 F.Supp. 758, 759 (S.D.N.Y.1952):

> There is no authority for the service of a subpoena duces tecum on a person not a party for purposes of discovery, in the absence of the taking of a deposition, and therefore these subpoenas duces tecum are irregular and must be quashed.

Other courts which have considered the question have also concluded that a subpoena duces tecum is improperly issued to a non-party when the person to whom the subpoena is directed has not been named in a notice to take a deposition. *McDowell Associates, Inc. v. Pennsylvania Railroad*, 20 F.R.D. 219, 220 (S.D.N.Y.1957); *Beegle v. Thomson*, 2 F.R.D. 82, 83 (N.D.Ill.1941). The governing principal has been reiterated in a recent decision: "Rule 45 may not be invoked to obtain documentary evidence from non-parties prior to trial if the party invoking the rule has no intention of taking the deposition of the person to whom the subpoena is directed." *Ghandi v. Police Dept. of City of Detroit*, 74 F.R.D. 115, 118 n. 3 (E.D.Mich.1977).

In this case, because the person to whom the subpoena duces tecum is directed has not been named in a notice of deposition, the subpoena will be, and hereby is, QUASHED. The Court finds this result entirely appropriate for the subpoena constitutes an unjustifiable imposition upon a non-party. Discovery of a non-party is a wholly different matter from discovery of a party to an action. Parties. to litigation open themselves to the broad discovery practices encompassed in Fed.R.Civ.P. 30(b)(5) and 34. The production of documents or other materials prior to trial by a non-party, on the other hand, can be compelled only by a subpoena duces tecum issued pursuant to Fed.R.Civ.P. 45(d)(1). *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1341 (8th Cir. 1975); 5A Moore's Federal Practice, ¶ 45.01[2] at 4506 (2d Ed. 1980); 8 C. W. Wright & A. Miller, Federal Practice and Procedure, § 2451 at 420 (1971). As has been seen, Rule 45 does not contemplate the use of subpoenas duces tecum solely for discovery purposes. Under Rule 45, one not a party should not routinely be required to produce his documents or other materials for use by strangers in their litigation.

And it is so ORDERED.