THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. TIMOTHY P. HART, Defendant-Appellee.

Second District   No. 2—88—0780

Opinion filed January 16, 1990.—Supplemental opinion filed upon rehearing April 6, 1990.

Michael P. Coghlan, State's Attorney, of Sycamore (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Howard R. Wertz, T. Jordan Gallagher, Kurt P. Klein, and William P. Brady, all of Gallagher, Klein & Brady, of De Kalb, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

The State appeals, pursuant to Supreme Court Rule 604(a)(1) (107 Ill. 2d R. 604(a)(1)), from an order of the circuit court of De Kalb County granting defendant's, Timothy P. Hart's, motion to quash numerous subpoenas *duces tecum*. The State essentially raises two issues on appeal: (1) whether the use of the subpoenas *duces tecum* was proper; and (2) whether defendant's medical records were protected by the physician-patient privilege.

Defendant was charged by information with four counts of reckless homicide (Ill. Rev. Stat. 1987, ch. 38, par. 9—3) and four counts of driving under the influence of alcohol (Ill. Rev. Stat. 1987, ch. 95½, pars. 11—501(a)(1), (a)(2), (e)), stemming from an automobile accident involving defendant's vehicle and another vehicle in which a

passenger in the other automobile was killed. On June 19, 1987, the State filed a "motion for disclosure to prosecution," and defendant filed his response thereto on July 3, 1987.

On February 3, 1988, the State caused to be issued some 41 subpoenas *duces tecum* to various hospitals, hospital personnel, clinics and physicians. The subpoenas *duces tecum* are all worded the same and state in pertinent part:

"YOU ARE COMMANDED to appear to testify before the Honorable Presiding Judge at De Kalb County Courthouse, Sycamore, Illinois, on February 16, 1988 at 1:30 p.m.

YOU ARE COMMANDED also to being [*sic*] the following: ANY AND ALL RECORDS, MEDICAL REPORTS, NOTES PERTAINING DIRECTLY OR INDIRECTLY TO TIMOTHY P. HART FROM ON OR ABOUT JANUARY 31, 1987 TO THE PRESENT DATE, INCLUDING BUT NOT LIMITED TO ANY STATEMENTS MADE BY TIMOTHY P. HART in your possession or control.

NOTE: Compliance with this subpoena duces tecum may be made by providing legible copies of the documents requested herein to the authorized agent serving this subpoena.

YOUR FAILURE TO APPEAR IN RESPONSE TO THIS SUBPOENA WILL SUBJECT YOU TO PUNISHMENT FOR CONTEMPT OF THIS COURT."

The State apparently directly received from some of the persons subpoenaed various materials pursuant to those subpoenas *duces tecum* which it in turn provided to defendant as part of discovery. The record does not indicate that there was a court hearing on February 16, 1988, the day all the persons subpoenaed were to appear in court with the materials, and the State does not so argue. The materials received by the State have not been made part of the record on appeal.

Defendant filed a motion to quash subpoenas and a motion *in limine* seeking to quash all the above-described subpoenas *duces tecum*, requesting an order precluding the State from using and/or seeking to introduce any evidence already obtained as a result of the subpoenas, and seeking an order barring the State from using the testimony of all physicians who had been unlawfully subpoenaed. Defendant's motion sought relief based on the subpoenas' alleged violation of the physician-patient privilege under section 8—802 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 8—802) and because the scope of the subpoenas and the information received pursuant thereto exceeded the parameters of section 8—802. Defendant further argued in his memorandum in support of his motion that the subpoe-

nas were defective because they allowed for delivery of the requested materials to the State's Attorney, thereby precluding judicial review of their propriety.

The trial court quashed the subpoenas, precluded the State from using and/or seeking to introduce any evidence obtained through the subpoenas, and barred the State from introducing the testimony of any physicians who were unlawfully subpoenaed. The trial court indicated, in its opinion letter, that the exceptions contained in section 8—802 of the Code of Civil Procedure did not apply and further found that the State employed an improper procedure in having the subpoenas issue.

The State presents two contentions in its appeal, namely, that the subpoenaed records were not subject to the physician-patient privilege and that the use of the subpoenas *duces tecum* to obtain medical records was proper. We address the latter contention first. As to that argument, the State seems to contend that the recipient of the subpoena *duces tecum*, rather than the defendant, should have asserted the physician-patient privilege and moved to quash the subpoena. This misses the mark. While defendant advanced several reasons below for the quashing of the subpoenas, the trial court concluded that "the procedure employed by the State in this case was clearly improper." We, therefore, perceive the more relevant issue to be whether the subpoenas *duces tecum* issued here, which authorized turning over the requested materials to the person serving the subpoena without bringing the materials into court, are in conformance with Illinois law.

In Illinois, the statutory authority for issuance of a subpoena in criminal cases is contained in section 7 of "An Act to revise the law in relation to criminal jurisprudence" (Ill. Rev. Stat. 1987, ch. 38, par. 155—2) and provides, in part, that "[i]t shall be the duty of the clerk of the court to issue subpoenas, either on the part of the people or of the accused." Under this provision, the subpoena is issued by the clerk of the court upon application without an order of court. Section 155—2 is apparently recognized to include subpoenas *duces tecum* (see *People ex rel. Fisher v. Carey* (1979), 77 Ill. 2d 259, 267, 396 N.E.2d 17), which are a classic, recognized method for compelling the production of documents desired to be introduced into evidence. (*Larson v. Commonwealth Edison Co.* (1965), 33 Ill. 2d 316, 326, 211 N.E.2d 247.) The practice in Illinois regarding the use of subpoenas *duces tecum* in criminal cases has been to extend the use of such subpoenas to hearings other than the actual trial of a case, such as in grand jury hearings, preliminary hearings, and other pretrial hearings.

In *People ex rel. Fisher v. Carey* (1979), 77 Ill. 2d 259, 396

N.E.2d 17, our supreme court allowed the use of a subpoena *duces tecum* by an accused *prior* to a preliminary hearing, but narrowly limited the procedure, as follows:

"We share the State's Attorney's concern that the issuance of *subpoenas duces tecum* prior to a preliminary hearing could be abusive and could be utilized as a discovery tool. Accordingly, we limit our holding: a police report is subject to a *subpoena duces tecum* prior to a preliminary hearing but subsequent to the charging of an accused (which encompasses a formal complaint as well as an information or an indictment (Ill. Rev. Stat. 1975, ch. 38, par. 102—8)). *** We emphasize that the court must not hesitate to act on motions to quash subpoenas which are oppressive, unreasonable or overbroad." (77 Ill. 2d at 270, 396 N.E.2d at 22.)

The court further upheld the trial and appellate court decisions which directed the police department to deliver subpoenaed records directly to the court. 77 Ill. 2d at 270, 396 N.E.2d at 22.

In reaching this result, the court initially concluded that the subpoenaed material should be sent directly to the court because the subpoena is a judicial process or court writ. (77 Ill. 2d at 265, 396 N.E.2d at 20.) The court then determines the relevance and materiality of the materials, whether they are privileged, and whether the subpoena is unreasonable or oppressive. (77 Ill. 2d at 265, 396 N.E.2d at 20.) The State's Attorney must be fully aware of the records sought by the subpoena in order to object. (77 Ill. 2d at 265, 396 N.E.2d at 20.) The criminal discovery rules do not limit a party's access to a court's compulsory process. 77 Ill. 2d at 268, 396 N.E.2d at 21.

While we recognize that the holding in *People ex rel. Fisher v. Carey* was limited to the issuance of a subpoena *duces tecum* on behalf of a defendant prior to a preliminary hearing, the general principles of the use of a subpoena *duces tecum* articulated in the opinion are applicable hereto and useful in the instant case. Here, the subpoenas *duces tecum* were properly issued by the clerk of the circuit court (see Ill. Rev. Stat. 1987, ch. 38, par. 155—2), but provided for compliance by "providing legible copies of the documents requested *** to the authorized agent serving this subpoena." Various documents and materials were in turn delivered to the State's Attorney's office by some of the subpoenaed persons. Defendant did not become aware of the issuance of the subpoenas until after the State had received numerous documents and materials pursuant to the subpoenas *duces tecum*. The February 16, 1988, date on the subpoena on which the person subpoenaed was "commanded to appear" does not appear in

the record to be a court hearing date.

■■ The subpoenas *duces tecum* were, therefore, defective in several respects. First, they provided for extrajudicial delivery and inspection of documents and materials, clearly in violation of the principles announced in *People ex rel. Fisher v. Carey* (1979), 77 Ill. 2d 259, 264, 396 N.E.2d 17, 19-20. By providing that the documents and materials could be delivered to the State's Attorney, the subpoenas *duces tecum* effectively circumvented any judicial review, particularly as to privileged information, until after it had been disclosed to the State.

Furthermore, defendant was never made aware of the materials sought in the subpoenas *duces tecum* and was thereby denied an opportunity to effectively object to their issuance. (See *People ex rel. Fisher*, 77 Ill. 2d at 265, 396 N.E.2d at 20.) Although defendant was apprised of the materials sought when the State provided it pursuant to his discovery request, such an apprisal was too late for defendant to effectively challenge the issuance of the subpoenas. As the subpoenas were issued for a date on which there was no court hearing, they could not be challenged by defendant in court at the time of their production. Nor are we aware of any authority that would permit the State to have the clerk issue subpoenas *duces tecum* which are not, in fact, for a court hearing.

■■ For these reasons, the subpoenas *duces tecum* were properly quashed by the trial court. While upholding that part of the trial court's order quashing the subpoenas *duces tecum* and ordering return of all materials obtained by use of these subpoenas, we vacate that part of the order apparently barring forever in these proceedings the use of the testimony of all the subpoenaed persons and the use or introduction of any evidence obtained, revealed, or tainted by the subpoenas. The State in one sentence has suggested that the latter part of the order was improperly imposed as a sanction. The defendant has not responded to this statement or directed us to any authority for imposition of such a sanction without a hearing under these facts. Under these circumstances, we shall vacate that part of the order.

■■ Several additional issues must be briefly examined as they are raised in defendant's brief. Defendant seeks dismissal of this appeal because the State failed to show that the trial court's ruling substantially impairs the State's ability to prosecute this case. We disagree. The filing of the certificate of impairment, as was done here, is a sufficient showing of substantial impairment as the reviewing court will rely upon the good-faith evaluation by the prosecutor of the impact of the suppression order. *People v. Young* (1980), 82 Ill. 2d 234, 247, 412 N.E.2d 501; *People v. Davidson* (1983), 116 Ill. App. 3d 164, 166-67,

451 N.E.2d 978.

■ Defendant also sought to quash the subpoenas *duces tecum* on the alternate basis that the materials sought were privileged under the physician-patient privilege set forth in section 8—802 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 8—802). While it is only problematic that this issue would arise again upon remand, we point out that an exception to the physician-patient privilege exists in reckless homicide cases under subsection (1) of section 8—802 (*People v. Bates* (1988), 169 Ill. App. 3d 218, 225, 523 N.E.2d 675) and in prosecutions where written results of blood-alcohol tests are admissible pursuant to section 11—501.4 of the Illinois Vehicle Code, under subsection (9) of section 8—802. (See *People v. Saulsburry* (1989), 178 Ill. App. 3d 857, 862, 533 N.E.2d 1154 (holding, in *dicta*, that subsection (9), as a rule of evidence, would apply to litigation pending when the law takes effect).) Whether these exceptions to the physician-patient privilege apply to this case can only be determined by the trial court upon facts adduced at a hearing, should the issue arise upon remand.

Defendant also has argued that the language of the subpoenas was overly broad. We need not consider this argument as we have found that the subpoenas were properly quashed on another basis.

The judgment of the circuit court of De Kalb County is affirmed in part and vacated in part, and the cause is remanded.

Affirmed in part; vacated in part and remanded.

DUNN and INGLIS, JJ., concur.

SUPPLEMENTAL OPINION UPON REHEARING

JUSTICE REINHARD delivered the opinion of the court:

■ We allowed defendant's petition for rehearing asking us to reconsider a portion of our opinion in which we stated:

"The State in one sentence has suggested that the latter part of the order was improperly imposed as a sanction. The defendant has not responded to this statement or directed us to any authority for imposition of such a sanction without a hearing under these facts. Under these circumstances, we shall vacate that part of the order."

In the petition, defendant contends that the State, rather than he, waived the issue of the sanctions by failing adequately to argue and cite authority and by not specifying the motion to reconsider the sanc-

tions in its notice of appeal. He also claims that he did address the issue in a portion of his appellate brief and that the record of the proceedings below reflects that there was a hearing on the sanctions imposed. The defendant, however, has not availed himself of the opportunity on rehearing to advance any arguments which would support the extent of the sanctions imposed by the trial court.

We disagree that the record supports defendant's assertions in the petition for rehearing, and, as defendant has not presented us with any authority to support the sanctions imposed by the trial court, the opinion will remain as written.

Affirmed in part; vacated in part and remanded.

DUNN and INGLIS, JJ., concur.