*In re* MARRIAGE OF DANNY RIEMANN, Petitioner-Appellee, and JOYCE MARIE RIEMANN, Respondent-Appellant (Boatmen's National Bank of Hillsboro *et al.*, Respondents in Discovery-Appellees).

Fifth District   No. 5—89—0728

Opinion filed June 26, 1991.

Duane D. Young, of Heckenkamp, Simhauser & LaBarre, P.C., of Springfield, for appellant.

Kelly D. Long of Hillsboro, for appellee Boatmen's National Bank.

No brief filed for other appellees.

JUSTICE CHAPMAN delivered the opinion of the court:

This dissolution of marriage action was commenced on August 25, 1988. On approximately February 2, 1989, Joyce Marie Riemann, appellant, mailed to Boatmen's National Bank and Farm Credit Services of West Central Illinois (the banks) the subpoena *duces tecum* set forth below:

"*SUBPOENA DUCES TECUM*

YOU ARE COMMANDED to appear to produce the following documents at 500 East Monroe Street, Suite 900, Springfield, Illinois, on Monday, February 20, 1989, at 9:00 a.m.

YOU ARE COMMANDED ALSO to bring the following: Re accounts in the name of Danny B. Riemann, R.R., Farmersville, Illinois, 62533, d/b/a Riemann Brothers, R. 1, Box 101, Harvel, Illinois 62538. A true and accurate copy of all financial statements submitted to you in the past five years by Danny B. Riemann or Riemann Brothers Partnership in your possession or control.

YOUR COMPLIANCE WITH THIS SUBPOENA, *BY MAIL*, BEFORE THE DATE STATED WILL ALLEVIATE THE NEED TO APPEAR."

The banks filed their objections to the subpoena *duces tecum* on February 10 and 17, 1989. There were no Supreme Court Rule 201(k) statements contained in the objections. (134 Ill. 2d R. 201(k).) The banks argued that the subpoenas were improper because the documents sought were not "returnable to court" and that compliance with Rule 201(k) was not required because a subpoena *duces tecum* is not a discovery device. The trial court agreed, quashed the subpoenas,

and ordered appellant to pay $150 in attorney fees and expenses related to the filing of the objections. Respondent appeals.

■■ Supreme Court Rule 201(k) provides:

> "Every motion *with respect to discovery* shall incorporate a statement that after a personal consultation and reasonable attempts to resolve differences the parties have been unable to reach an accord." (Emphasis added.) 134 Ill. 2d R. 201(k).

■■ The subpoena *duces tecum* when used alone is independent of the discovery rules and therefore can be classified as a nondiscovery device. (*People ex rel. Fisher v. Carey* (1979), 77 Ill. 2d 259, 265, 396 N.E.2d 17, 21.) Because this form of a subpoena *duces tecum* is a nondiscovery device, any objections to its issuance need not contain a Rule 201(k) statement. The materials sought in such a subpoena technically must be returned to the court. (*Fisher*, 77 Ill. 2d at 265, 396 N.E.2d at 19; see also *People v. Hart* (1990), 194 Ill. App. 3d 997, 552 N.E.2d 1.) However, a subpoena *duces tecum* when coupled with a notice to take the deposition of the person to whom it is directed under Rule 204(a) (134 Ill. 2d 204(a)) is clearly a discovery procedure requiring any objections to it to contain a Rule 201(k) statement.

■■ The facts before us clearly indicate that the subpoenas set forth above, no matter how classified, were improper. They were neither returnable to court nor accompanied by a notice to take the deposition of the custodian of the records. (*Jones v. Continental Casualty Co.* (E.D. Va. 1981), 512 F. Supp. 1205; *Turner v. Parsons* (E.D. Pa. 1984), 596 F. Supp. 185.) It is unclear whether the subpoena *duces tecum* set forth earlier was intended to come under Rule 204(a), a discovery procedure, or an attempt to utilize only the section 2—1101 subpoena (Ill. Rev. Stat. 1989, ch. 110, par. 2—1101), technically a nondiscovery procedure. (*Fisher*, 77 Ill. App. 3d 259, 396 N.E.2d 17.) We conclude that the problem with our inability to classify the subpoena *duces tecum* rests with appellant, the party seeking the documents. Appellant could have easily come within the provisions of Rule 204(a) by attaching to the subpoena *duces tecum* a notice to take the depositions of the custodians of the material sought. We note also that while section 2—1101 (Ill. Rev. Stat. 1989, ch. 110, par. 2—1101) does not specifically provide for notice for service of subpoenas to be furnished, appellant, under Supreme Court Rule 206(a) (134 Ill. 2d R. 206(a)), would have been required to notify all counsel of any deposition.

Appellant did not meet these requirements. She made no attempt to depose anyone, and there is no indication in the record that she notified the petitioner, whose financial records were being sought, of the

service of the subpoenas. While courtesy among counsel and judicial efficiency might be fostered by the use of a Rule 201(k) conference under the circumstances of this case, the supreme court has said that the subpoena *duces tecum* is independent of the discovery rules. (*Fisher*, 77 Ill. 2d at 265, 396 N.E.2d at 29.) Therefore, the banks were not *required* to comply with Rule 201(k).

For the foregoing reasons, the judgment of the circuit court of Montgomery County is affirmed.

Affirmed.

RARICK, P.J., and GOLDENHERSH, J., concur.