THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. STEVEN D. WALLEY, Defendant-Appellee.

Second District No. 2—90—0711

Opinion filed July 17, 1991.—Rehearing denied August 15, 1991.

972

Michael P. Coghlan, State's Attorney, of Sycamore (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

William P. Brady and T. Jordan Gallagher, both of Gallagher, Klein & Brady, of De Kalb, for appellee.

JUSTICE GEIGER delivered the opinion of the court:

The State appeals from an order of the circuit court of De Kalb County granting a motion of the defendant, Steven Walley, to quash a subpoena *duces tecum* and bar the use of any evidence obtained pursuant to that subpoena. On appeal, the State contends that barring the use of the evidence was an excessive and inappropriate sanction.

On August 1, 1988, defendant was arrested and subsequently charged by complaint with two counts of driving while under the influence of alcohol (Ill. Rev. Stat. 1989, ch. 95½, pars. 11—501(a)(1), (a)(2)). On May 12, 1989, the State had a subpoena *duces tecum* issued commanding St. Anthony Hospital to produce "any and all written blood alcohol test results conducted in the regular course of providing emergency medical treatment to [defendant] on August 1, 1988." Although the subpoena directed the keeper of the hospital records to produce the records in court on May 30, 1989, it further provided that she could comply with the subpoena by "providing legible copies of the documents requested *** to the authorized agent serving [the] subpoena." The requested documents were delivered to the State's Attorney's office on May 17, and copies were forwarded to defense counsel on May 18. There was no court hearing scheduled or held on May 30.

On June 9, defendant filed a motion to quash the subpoena and a motion *in limine* contending that the procedure employed by the State in issuing the subpoena was improper. The defendant requested that the subpoena be quashed and the State be barred from using any evidence "obtained, revealed or tainted by the illegal subpoena." It does not appear that a hearing was held on the motions at that time.

Meanwhile, the case of *People v. Hart* (1990), 194 Ill. App. 3d 997, also arising from De Kalb County, was pending in this court. The subpoena procedure followed by the State in *Hart* was virtually identical to that followed in this case. In *Hart*, the circuit court in De Kalb County ruled in July 1988, shortly before the State again used the same procedure here, that the procedure it was using in procuring subpoenas was improper. The trial court's ruling was affirmed on appeal in an opinion filed January 16, 1990.

In this case, but after the *Hart* opinion was filed, the State requested and received affidavits from doctors who had treated the defendant at St. Anthony Hospital and Kishwaukee Community Hospital. The affidavits stated that the defendant received emergency medical treatment at both hospitals on August 1, 1988. Blood tests were given at both hospitals, and the results were considered in diagnosing and treating the defendant. Based on those affidavits, the State moved for the issuance of subpoenas *duces tecum* for the hospitals' records. The court granted the motion for a subpoena on Kishwaukee Community Hospital but denied the motion as to St. Anthony Hospital. Defendant then moved to quash the Kishwaukee subpoena claiming a physician-patient privilege. When the Kishwaukee records were delivered to the court, the court impounded them.

On April 26, 1990, the trial court issued an opinion letter on the defendant's motion to quash and motion *in limine*. The court found that the procedure employed by the State in procuring the St. Anthony records in May 1989 was improper. The court further found that the State had acted in bad faith by following subpoena procedures the circuit court had held to be improper in another case to which the State was a party. The court quashed the original St. Anthony subpoena and barred the State from using the evidence obtained pursuant to that subpoena. The court also barred the State from using the Kishwaukee records, apparently because the existence of those records only became known through examination of the improperly obtained St. Anthony records.

The State filed a motion to reconsider which was denied as to the St. Anthony records but was granted as to the Kishwaukee records. The court vacated that part of its opinion letter barring use of the Kishwaukee records, subject to the defendant's unresolved motion to quash on

974

the grounds of physician-patient privilege. The State then filed its notice of appeal and certificate of impairment.

On appeal, the State contends that the trial court's ban on the use of evidence "obtained, revealed or tainted" by the original, admittedly improper, subpoena *duces tecum* was an excessive and inappropriate sanction. The State challenges the trial court's findings that it acted in bad faith and ignored previous orders of the circuit court. The State argues that it was not bound by the decision of another circuit court judge in the unrelated *Hart* case and, furthermore, that the *Hart* case was on appeal when the improper subpoena was issued in this case.

■ In *People ex rel. Fisher v. Carey* (1979), 77 Ill. 2d 259, 265, our supreme court held that as distinct from discovery, which is the parties' procedure, a subpoena is a judicial process or court writ so that subpoenaed materials should be delivered directly to the court. The court, then, determines the relevance and materiality of the subpoenaed materials, whether they are privileged, and whether the subpoena is unreasonable or oppressive. (77 Ill. 2d at 265.) In *Hart*, with reference to the principles of *Fisher*, we determined that that use of the subpoena procedure, one similar to the one employed by the State in this case, was improper because it provided for extrajudicial delivery and inspection of documents and materials. (*Hart*, 194 Ill. App. 3d at 1002.) We found that the procedure there effectively circumvented judicial review. 194 Ill. App. 3d at 1002.

The rule that subpoenaed materials must be available for judicial review has been firmly in place at least since *Fisher*. This court's opinion in *Hart* affirmed that principle. The question of sanctions for abuse of subpoena procedure, however, is less established. In *Hart*, while we upheld the trial court's quash of subpoenas, we vacated the court's sanction of a bar against the State's using any of the evidence "obtained, revealed or tainted by" the improper subpoenas. We observed that the defendant had not directed the court to "any authority for imposition of such a sanction without a hearing under these facts." 194 Ill. App. 3d at 1002.

■ ■ The use of subpoenas is a judicial process (*Fisher*, 77 Ill. 2d at 267), and courts have broad and flexible powers to prevent abuses of their processes (*United States v. Carlone* (7th Cir. 1981), 666 F.2d 1112, 1115). A trial court has inherent authority to insure the defendant a fair trial and may impose sanctions to do so. (*People v. Lawson* (1977), 67 Ill. 2d 449, 456.) Although the exclusion of evidence may not be favored as a sanction (*People v. Stuckey* (1979), 78 Ill. App. 3d 1085, 1090), in order to interfere with a sanction imposed by a trial court, this court would

have to find an abuse of discretion or an arbitrary or capricious use of sanctions. *People v. Endress* (1969), 106 Ill. App. 2d 217, 223-24.

The trial court here determined that its sanction of barring resulting evidence was appropriate, in part, because the State had acted in bad faith and ignored a previous court order. The trial court found the sanction was necessary to protect the rights of the defendant and to prevent further abuses by the State.

■ ■ Under the circumstances presented here, we do not conclude that the trial court abused its discretion. The subpoena *duces tecum* used here was improper because: (1) it provided for extrajudicial delivery and inspection of materials; (2) defendant was denied an opportunity to challenge the issuance of the subpoena since he was not made aware of what materials were sought in the subpoena until after they were obtained by the State; and (3) the subpoena was issued for a date when no court hearing was scheduled or held. (See *Hart*, 194 Ill. App. 3d at 1002.) Furthermore, the subpoena was sought after the trial judge in the *Hart* case had warned the State's Attorney's office of De Kalb County that their subpoena *duces tecum* procedure was improper.

While the holding of the trial judge in *Hart* was not precedential in this case, through it the State clearly was placed on notice that its procedures might be improper. Here, the State persisted in employing an improper procedure in spite of the long-standing case law of *Fisher* and a recent warning from the circuit court. Also here, apparently unlike in *Hart*, the imposition of the court's sanction followed a hearing on that issue. We find that the trial judge's sanction was not an abuse of his discretion. Furthermore, the sanction imposed by the court was not "excessive" or "draconian" as the State suggests. It was directed at and limited to the material obtained as a result of the improper subpoena.

The judgment of the circuit court of De Kalb County is affirmed, and the cause is remanded for further proceedings. We note that the defendant's motion to quash the Kishwaukee subpoena on the basis of physician-patient privilege is still pending. On remand, the trial court must determine whether the exception will apply under the circumstances presented here.

Affirmed and remanded.

INGLIS and BOWMAN, JJ., concur.