SIXTH DIVISION

June 2, 2000

No. 1-98-2014

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Cook County

)

)

)

DAVID OGLE, ) Honorable

) Thomas P. Panichi

Defendant-Appellee. ) Judge Presiding.

JUSTICE O'BRIEN delivered the opinion of the court:

The State appeals an order of the circuit court suppressing  defendant's
, David Ogle's, blood-

alcohol test results as evidence in defendant’s trial for driving under the influence of alcohol.  On appeal, the State contends the circuit court erred in barring the evidence.  Defendant has failed to file a responsive brief; however, the State's brief and the record are sufficient for us to review the circuit court's order.  See 
First Capitol Mortgage Corp. v. Talandis Construction Corp.
, 63 Ill. 2d 128, 133 (1976).  We reverse and remand.

In February, 1997, defendant was charged with driving under the influence of alcohol (625 ILCS 5/11-501(a)(2) (West 1996)) after a one-car accident.  After his arrest, defendant complained of chest pains and was taken to South Suburban Hospital by paramedics.  During treatment, defendant’s blood was drawn by the staff and it tested to a blood-alcohol content (BAC) of .261.  The hospital gave that information to the police, who charged defendant with another count of driving a vehicle while his blood-alcohol concentration was .10 or more (625 ILCS 5/11-501(a)(1)(West 1996)).

The State subpoenaed the defendant’s hospital records and requested the records be sent to the judge listed on the subpoena.  The subpoena was returnable 
in the trial courtroom.

Later, defendant made a motion 
in
 
limine
 to bar the hospital nurse from testifying about defendant’s BAC.  Defendant claimed the State violated defendant’s physician-patient privilege when the State interviewed the nurse with the medical records and when the State wrongfully reviewed the records with no 
in camera
 inspection by the court.

Conflicting information was adduced as to the return of the subpoena.  The State contended that the subpoena was returned before another judge who tendered the medical records to the State; defendant contended the medical records were not reviewed 
in camera
.  There are no transcripts, nor is there common law record indicating an 
in camera
 review or any review of medical records by the circuit court. 

The circuit court found that the medical records were not reviewed 
in
 
camera
 with defendant present and, thus, that defendant did not have an opportunity to waive his physician-patient privilege.  The circuit court found that this was a violation of circuit court rules requiring that subpoenaed materials be made available for judicial review.  The court sanctioned the State by barring it from using defendant's medical records.  The court ordered that the nurse producing the medical records could testify only to the general observations of defendant’s condition at the hospital. 

On appeal, the State argues that the circuit court abused its discretion in barring the medical records as a sanction for failing to comply with the court rules on subpoenas.

A  subpoena is a compulsory process for obtaining witnesses or documentary evidence in all criminal prosecutions and is guaranteed by the sixth amendment.  U.S. Const., amend. VI;  
People v. Shukovsky
, 128 Ill. 2d 210, 222 (1988);  
People ex rel. Fisher v. Carey
, 77 Ill. 2d 259, 265 (1979).  A subpoena is separate from the rules of discovery, (
People v. Mitchell
, 297 Ill. App. 3d 206, 209 (1998); 
Carey
, 77 Ill. 2d at 267) and constitutionally and statutorily independent of discovery rules. 
People v. Harris
, 91 Ill. App. 3d 1, 2-3 (1980). 

Absent a motion to quash presented to the trial court, subpoenaed materials must be made available for judicial review.  
People v. Walley
, 215 Ill. App. 3d 971, 974 (1991).  The remedy for noncompliance is a matter committed to the discretion of the trial court.  
Cohn v. Northern Trust Co.
, 250 Ill. App. 3d 222, 227 (1993).

 Prejudice to the parties, of necessity, is part of the analysis of sanctions for violations of a subpoena.  Discovery cases are instructive in our analysis of prejudice for noncompliance with subpoenas.  Those cases hold that exclusion of evidence is a harsh measure and other sanctions are initially preferred.  
People v. Hall
, 235 Ill. App. 3d 418 (1992); 
People v. Aguilar
, 218 Ill. App. 3d 1, 9-10 (1991);  
People v. Washington
, 182 Ill. App. 3d 168, 174 (1989). 

Here, the circuit court determined that the State's failure to review the blood-alcohol test results 
in
 
camera
 prejudiced defendant by denying him the opportunity to assert his physician-patient privilege.   We disagree.  Section 11-501.4 of the Illinois Vehicle Code (Code) (625 ILCS 5/11-501.4 (West 1998)), cited by the State,
 controls the issue of whether the disclosure of defendant's blood-alcohol test results would violate his physician-patient privilege.

Section 11-501.4 provides, in relevant part, as follows:

"(a) Notwithstanding any other provision of law, the results of blood tests performed for the purpose of determining the content of alcohol *** of an individual's blood conducted upon persons receiving medical treatment in a hospital emergency room are admissible in evidence as a business record exception to the hearsay rule only in prosecutions for any violation of Section 11-501 of this Code or a similar provision of a local ordinance, or in prosecutions for reckless homicide brought under the Criminal Code of 1961, when each of the following criteria are met:

(1) the chemical tests performed upon an individual's blood were ordered in the regular course of providing emergency medical treatment and not at the request of law enforcement authorities;

(2) the chemical tests performed upon an individual's blood were performed by the laboratory routinely used by the hospital; and

(3) results of chemical tests performed upon an individual's blood are admissible into evidence regardless of the time that the records were prepared.  

(b) The confidentiality provisions of law pertaining to medical records and medical treatment shall not be applicable with regard to chemical tests performed upon an individual's blood under the provisions of this Section in prosecutions as specified in subsection (a) of this Section."  625 ILCS 5/11-501.4 (West 1998).

The primary objective when construing the meaning of a statute is to ascertain and give effect to the intent of the legislature.   
People v. Robinson
, 172 Ill. 2d 452, 457 (1996).  Inquiry into the legislative intent behind a statute must necessarily begin with the language of the statute.   
People v. Chandler
, 129 Ill. 2d 233, 253 (1989).  The statutory language must be given its plain and ordinary meaning, and where that language is clear and unambiguous, we must apply the statute without further aids of statutory construction.  
Robinson
, 172 Ill. 2d at 457.  Because the construction of a statute is a question of law, our review is 
de
 
novo
.  
Robinson
, 172 Ill. 2d at 457.

Section 11-501.4 clearly provides that the "confidentiality provisions of law pertaining to medical records and medical treatment [
i.e.
, the physician-patient privilege] shall not be applicable with regard to chemical tests performed upon an individual's blood under the provisions of this Section in prosecutions as specified in subsection (a) of this Section." 625 ILCS 5/11-501.4 (West 1998).   Here, defendant's blood-alcohol test was performed under the provisions in subsection (a), specifically, it was taken during the regular course of treatment in a hospital emergency room and was to be used in a prosecution for a violation of section 11-501 of the Code.  Thus defendant's blood alcohol test results are not subject to the physician-patient privilege.  See also 
People v. Ernst
, 311 Ill. App. 3d 672 (2000) (construing similar language in section 11-501.4-1 of the Code then in effect (625 ILCS 5/11-501.4-1 (West 1998)) to mean that the statutory physician-patient privilege does not apply to blood-alcohol tests conducted upon persons receiving medical treatment in a hospital emergency room for injuries resulting from a motor vehicle accident).  

Therefore, the circuit court here erred when it determined that the State's failure to review defendant's blood-alcohol test results 
in
 
camera
 prejudiced defendant by denying him the opportunity to waive his physician-patient privilege.  In the absence of any prejudice, the circuit court abused its discretion by suppressing defendant's medical records.

Therefore, we reverse the order of the circuit court suppressing defendant's medical records and remand to the circuit court for proceedings not inconsistent with this opinion.

Reversed and remanded.

ZWICK, P.J., and BUCKLEY, J., concur.