THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. THOMAS FELDMEIER, Defendant-Appellee.

Second District    No. 2—95—1625

Opinion filed February 19, 1997.

Joseph E. Birkett, State's Attorney, of Wheaton (Margaret M. Healy, Assistant State's Attorney, and William L. Browers and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

George P. Lynch, of Downers Grove, for appellee.

PRESIDING JUSTICE GEIGER delivered the opinion of the court:

The defendant, Thomas Feldmeier, was indicted on one count of theft by deception (720 ILCS 5/16—1(a)(2)(A) (West 1992)), two counts of theft (720 ILCS 5/16—1(a)(1)(C) (West 1992)), and one count of violating securities laws (815 ILCS 5/12(I) (West 1992)). The defendant moved to suppress evidence which he alleged the State had obtained by misusing the grand jury's subpoena power. The trial court granted the motion, and the State appeals pursuant to Supreme Court Rule 604(a) (145 Ill. 2d R. 604(a)). We affirm.

In his motion to suppress, the defendant alleged that the State obtained his financial and bank records by the misuse of grand jury subpoenas. The grand jury subpoenas in question were made return-

able to the State's Attorney's office rather than to the grand jury. The defendant claims that this procedure allowed the State to circumvent the grand jury and illegally violated his privacy rights in his records. He relies, in part, on *People v. DeLaire*, 240 Ill. App. 3d 1012 (1993), wherein this court upheld the suppression of evidence which a police officer obtained by diverting information that a grand jury had subpoenaed and using that information to procure a search warrant.

In the present case, the trial court found that the subpoenas were made returnable, not to an agent of the grand jury, but to Kathryn Cresswell, an assistant State's Attorney. The trial court concluded that the State had used the subpoenas to bypass the grand jury and obtain materials in which the defendant had a constitutional privacy interest; this was the precise problem identified in *DeLaire*.

The State does not challenge the trial court's finding that the defendant had a constitutional expectation of privacy in his bank and brokerage account records. See Ill. Const. 1970, art. I, § 6; *DeLaire*, 240 Ill. App. 3d at 1019-20 (records of a defendant's telephone calls were impressed with privacy interest even though they were kept by the telephone company). Rather, the State maintains that this case does not involve the same abusive practices that we condemned in *DeLaire*. The State maintains that, in *DeLaire*, we held that the State's Attorney's office served as the agent of the grand jury. The State argues that the State's Attorney's conduct here was nothing more than an exercise of its prerogative to screen subpoenaed materials before presenting them to the grand jury.

We reject the State's interpretation of *DeLaire* and suggest that the recent supreme court decision in *People v. Wilson*, 164 Ill. 2d 436 (1994), supports our opinion. In *Wilson*, the prosecutor obtained the defendant's medical records via a subpoena prepared at the direction of the State's Attorney and made returnable to him rather than to the grand jury. The subpoena stated that the records were needed for a grand jury investigation. The defendant moved to suppress the records, but the trial court denied the motion. *Wilson*, 164 Ill. 2d at 457.

The supreme court held that the State's Attorney's office abused its powers, both by usurping the grand jury's authority to obtain the records and by not requiring that the subpoenas be made returnable to the grand jury. *Wilson*, 164 Ill. 2d at 458. The court observed that, while the State has subpoena powers, its subpoenas must be returnable to the court, not to the State's Attorney. In this way, the court may prevent the prosecutor from having access to documents that are irrelevant, privileged, or the fruit of an unreasonable demand. *Wilson*, 164 Ill. 2d at 458.

We find that *Wilson* applies here. As in *Wilson*, the State's Attorney abused the subpoena power by making the grand jury subpoenas returnable directly to the prosecutor. By this device, the prosecutor could, without court authorization, obtain materials impressed with a constitutional privacy interest. *Wilson* and *DeLaire* forbid such tactics.

The subpoenas were returnable directly to Assistant State's Attorney Cresswell, who was never made an investigator or agent of the grand jury in this case. The State argues that the entire State's Attorney's office is considered to be the agent of the grand jury. The only authority which the State provides to support this novel assertion is *DeLaire*. However, our reading of *DeLaire*, as well as *Wilson*, refutes the State's claim. In *DeLaire*, we specifically observed that "the law does not recognize the use of a grand jury subpoena as a compulsory administrative process of the State's Attorney's office." *DeLaire*, 240 Ill. App. 3d at 1023. We emphasized that the grand jury's subpoena power may not be used to further independent investigations by the police *or* the prosecutor (*DeLaire*, 240 Ill. App. 3d at 1022-23, relying in part on 1 W. LaFave & J. Israel, Criminal Procedure § 8.8, at 665 (1984)), and we cited with approval a federal decision suppressing evidence which FBI agents obtained directly via a grand jury subpoena (see *DeLaire*, 240 Ill. App. 3d at 1023, citing with approval *In re Nwamu*, 421 F. Supp. 1361 (S.D.N.Y. 1976)).

It is true that, in discussing the impropriety of the officer's diversion and use of the subpoenaed records in *DeLaire*, we stressed that the officer was performing the duties of neither the grand jury nor the prosecutor. *DeLaire*, 240 Ill. App. 3d at 1024. However, this consideration was crucial in *DeLaire* because the grand jury had been the original recipient of the sensitive documents. Later, these documents somehow ended up with the officer. Thus, had the officer been acting as an agent of the State's Attorney, his use of the evidence conceivably could have been the permissible result of the grand jury's power to disclose evidence to the prosecutor to aid the latter in the performance of its duty to enforce the law. *DeLaire*, 240 Ill. App. 3d at 1024; 725 ILCS 5/112—6(c)(1) (West 1994). In the present case, the State's Attorney, and not the grand jury, originally received the subpoenaed material.

In view of the foregoing, we conclude that the trial court correctly suppressed the documents that the State's Attorney obtained via the improper subpoenas.

Accordingly, the judgment of the circuit court of Du Page County is affirmed, and the cause is remanded for further proceedings.

Affirmed and remanded.

THOMAS and RATHJE, JJ., concur.