June 29, 1998

NO. 5-97-0075

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS,)  Appeal from the 

                                    )  Circuit Court of

     Plaintiff,                     )  Effingham County.

                                    ) 

v.                                  )  Nos. 96-CM-801 &   

                                    )       96-TR-7065      

ROBERT L. MITCHELL,                 )

                                    )

     Defendant-Appellee             ) 

                                    )  Honorable

(Captain Dennis Lovell, Illinois    )  Michael R. Weber,

State Police, Contemnor-Appellant). )  Judge, presiding.

_________________________________________________________________

JUSTICE HOPKINS delivered the opinion of the court:

Appellant, Captain Dennis Lovell of the Illinois State Police, appeals from the trial court's order that found him in civil contempt for refusing to comply with defendant's, Robert L. Mitchell's, subpoena 
duces tecum
 and from the order that denied his motion to quash defendant's subpoena.  We affirm in part and vacate in part.

FACTS

The facts adduced are from police reports contained in the record.  These reports established that on December 3, 1996, at approximately 12:10 p.m., Illinois State Trooper Mitchell McClaren stopped defendant's vehicle on Interstate 57 for speeding.  Defendant was going 81 miles per hour in a 65-mile-per-hour zone.  During the stop, Trooper McClaren ran a computer check on defendant, which revealed that defendant had prior drug-related arrests.  According to Trooper Vogles' report, Vogles arrived at the scene at 12:10 p.m. to assist Trooper McClaren with the stop.  Vogles also reported that Trooper Mehl and his "K-9" police dog were already there when he arrived.  Trooper Mehl's report of the incident stated that he arrived at 12:20 p.m. with his police dog Icar and did a walk-around of defendant's car.  Icar alerted positive for the presence of drugs.  While stopped, defendant inadvertently disclosed $1,000 he had in his pocket, and when defendant was told that Icar detected drugs in his car, defendant admitted he had five marijuana cigarettes in his glove box.  The marijuana cigarettes were retrieved by the officers.  Defendant was placed under arrest at 12:50 p.m. for possession of cannabis.  At the time of his arrest, defendant was found to have approximately $5,200 on him.  

On January 3, 1997, defendant was charged by information with possession of less than 2.5 grams of cannabis, a misdemeanor (720 ILCS 550/4(a) (West 1996)).  Subsequently, defendant's counsel directed a subpoena 
duces tecum
 to Lovell, asking Lovell to produce the following documents:

"all photographs; complete log of telecommunicator's notes of audio recordings of radio transmissions and telephone calls; December 3, 1996 Activity, Notes, and Inquiry Transaction Report for M. McClaren, T. Mehl, and B. Vogles; written and recorded statement(s) (Robert Mitchell and Paul Golish); Statement of Constitutional Rights and Waiver (Robert Mitchell and Paul Golish); and video recordings, related to the apprehension, arrest, and post-arrest interrogation, of Robert L. Mitchell on December 3, 1996 ***."

The Illinois Attorney General's office, representing Lovell, filed a motion to quash the subpoena 
duces tecum
.  

At the hearing on the motion to quash the subpoena, Lovell advised the trial court that no photographs, no written and recorded statements of the defendant, no statements of defendant's waiver of rights, and no video recordings existed and that, therefore, none could be provided.  Lovell objected to producing the remaining two items sought, the log of the telecommunicator's notes and "the activity, notes and inquiry transactions reports"  of the arresting officers, arguing that the documents were irrelevant to whether the officers had probable cause to arrest defendant, that the requests were too broad, and that defendant was using the subpoena as a discovery tool.  In response, defendant contended that he wanted the documents in order to investigate whether the length of defendant's stop was unreasonable, that the documents sought were relevant to this issue, and that the documents were not otherwise discoverable.  

The court denied the State's motion to quash the subpoena 
duces tecum
 and stated its reasons as follows:

"He [defendant] has limited his request only to matters involving this defendant and the officers involved in the arrest.  Regarding the fact that this information is sought directly from the Illinois State Police as opposed to through the prosecuting authority, this circuit has taken some pride in the fact that it does require all subpoenas to be returnable in open court so that if there [are] any objections to be raised regarding any sensitive matter or matters that are not relevant or that some way jeopardize another investigation or in any way harm anyone, [they] can be reviewed by the Court and that [
sic
] addressed; and it's the same thing here.  The State's Attorney or the Attorney General can come to court[--]these records have yet to be turned over to the defendant[--]and can object.  So there is a protection built in for all of that."

After the court ruled on the motion to quash, Lovell declined to produce the records.  The court found Lovell to be in "willful contempt" and fined him $100, to be paid within seven days.  An additional fine of $100 was to be imposed for every week thereafter that Lovell failed to comply with the order.  The court stated that filing a notice of appeal would toll the accumulation of additional fines.  Lovell filed his notice of appeal. 

ANALYSIS

1. Motion to quash subpoena.

Lovell contends that the court erred in denying his motion to quash defendant's subpoena because it was clear the documents sought were irrelevant and immaterial to the underlying criminal matter.  Lovell argues that because there was a reasonable basis for the stop, defendant's speeding, there is no basis for the suggestion that Trooper McClaren's stop was pretextual for making a drug arrest or that defendant's detention was unlawful.   

Parenthetically, we note that a review of Lovell's contempt order encompasses a review of the court's denial of his motion to quash (generally a nonreviewable order) to determine if the underlying order, which Lovell refused to comply with, was proper.  See 
People v. Shukovsky
, 128 Ill. 2d 210 (1988).  The use of subpoenas is a compulsory process for obtaining witnesses or documentary evidence in all criminal prosecutions and is guaranteed by the sixth amendment.  U.S. Const., amend. VI; 
Shukovsky
, 128 Ill. 2d at 222; 
People ex. rel. Fisher v. Carey
, 77 Ill. 2d 259 (1979).  A subpoena is separate from the rules of discovery.  
Carey
, 77 Ill. 2d at 267. 

To justify a pretrial subpoena, a defendant must show that (1) the documents are evidentiary and relevant, (2) the documents are not otherwise procurable reasonably in advance of trial by the exercise of due diligence, (3) the party cannot properly prepare for trial without production and inspection in advance of trial and the failure to obtain an inspection may tend to unreasonably delay the trial, and (4) the application is made in good faith and is not intended as a general "fishing expedition."  
Shukovsky
, 128 Ill. 2d at 225.  Any material sought by subpoena is to be sent directly to the court rather than the party who caused the subpoena to issue.  
People v. Nohren
, 283 Ill. App. 3d 753 (1996).  The court then reviews the documents 
in camera
 and decides whether the documents are relevant, material, or privileged and whether the request is unreasonable or oppressive, prior to allowing the moving party to view the subpoenaed material.  
Nohren
, 283 Ill. App. 3d at 759.  A court should grant a motion to quash a subpoena if a request is oppressive, unreasonable, or overbroad.  
Carey
, 77 Ill. 2d at 270.

Here, defendant's request was relevant and material.  Defendant wanted the documents so that he could investigate whether defendant was detained after the traffic stop an unduly long period of time.  The records sought would show the time frames of the stop, show when the assisting officers arrived, and show whether the stop was unduly lengthy.  Defendant could not otherwise procure the information through discovery, because these documents are not routinely provided by the police to the State's Attorney.  The documents were pertinent for defendant's preparation of a motion to suppress and were needed to prevent a delay of trial.  Additionally, the request did not amount to a general "fishing expedition," because all the requested documents related to defendant's traffic stop on December 3, 1996.    

We do not find defendant's request overbroad, for he limited the material sought to one incident and to one day, the day of defendant's traffic stop on December 3, 1996.  There is no showing that defendant's request overburdens the State or is oppressive or unreasonable.  As the trial court duly noted, the built-in safeguards for the review and release of information under a subpoena will adequately protect the State from unreasonable requests.  We find that the trial court properly denied Lovell's motion to quash the subpoena.   

2. Order of contempt.

Lovell next contends that, even if his motion to quash the subpoena was properly denied, the entry of the contempt order against him was an abuse of discretion.  Lovell argues that his refusal to comply with the subpoena was a formal objection designed to allow him to appeal the court's denial of his motion to quash and was not done out of disdain or disrespect for the trial court.  Therefore, Lovell asks this court to vacate the contempt order and the fines imposed.  We allow this request.  

It is recognized that subjecting one's self to contempt proceedings is an appropriate method for obtaining appellate review of a court's ruling.  
Shukovsky
, 128 Ill. 2d at 219.  When the substance of a public official's contempt is purely formal and motivated by a desire to obtain appellate review, a reviewing court can appropriately vacate the contempt citation.  
Buss v. Edwards
, 203 Ill. App. 3d 992 (1990).  That is the situation in the case at bar.  Lovell's attorney made it clear to the court that it meant no disrespect to the court when Lovell declined to provide the documents required by the subpoena, but that Lovell only desired to appeal the court's order.  The record reflects that the trial court understood that an appeal was the reason for the refusal.  Thus, we vacate the court's order of contempt and the fines imposed against Lovell.  

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Effingham County is affirmed as to the order denying the motion to quash subpoena but is vacated as to the order for contempt and the fines imposed.  

Affirmed in part and vacated in part.  

GOLDENHERSH and KUEHN, JJ., concur.