Filed 10/31/08        NO. 4-08-0200

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Logan County |
| DENNIS M. POPECK, | ) | No. 07DT104 |
| Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Thomas M. Harris, |
| | ) | Judge Presiding. |

_____

JUSTICE COOK delivered the opinion of the court:

Defendant, Dennis M. Popeck, was charged with driving under the influence (DUI) (625 ILCS 5/11-501(a)(2) (West 2006)). The State filed a motion for leave to issue a subpoena <u>duces tecum</u> to a hospital for his medical records for November 27, 2007, the day defendant was charged with the DUI and the day he was involved in a motor vehicle accident and treated at the hospital. Defendant filed a response contesting the State's motion. The trial court denied the State's request for a subpoena. The State appeals. We reverse and remand.

I. BACKGROUND

On November 27, 2007, defendant was charged by citation with DUI. On December 4, 2007, the State filed a motion for leave to issue a subpoena <u>duces</u> <u>tecum</u> and for the entry of a Health Insurance Portability and Accountability Act (HIPAA) (42 U.S.C. §201 (1996)) qualified protective order. On February 4,

2008, defendant filed an answer objecting to the release of all of his medical records for November 27, 2007, arguing that only the results of chemical tests may be released.

On February 7, 2008, the State filed an amended motion and an attached subpoena duces tecum. In the motion, the State alleged that defendant was involved in a motor vehicle accident on November 27, 2007, and was taken to a hospital for treatment. The same day, defendant was arrested for DUI. The State sought medical records "for treatment that occurred on November 27, 2007."

On February 15, 2008, the trial court conducted a hearing on the State's amended motion. At the hearing, defendant argued the State's request involved a "fishing expedition" and was overly broad. The State indicated that hospital medical personnel, who treated defendant, would be able to testify as to defendant's physical and mental condition when he was treated. Specifically, (1) a paramedic told the investigating officer that defendant appeared to be very intoxicated; (2) defendant acknowledged to the officer that he had been drinking and the officer noted the odor of alcohol in the ambulance and in defendant's vehicle; (3) the victim stated she was struck twice by defendant's vehicle when she was sitting at a red light; and (4) a nurse gave the investigating officer a bottle of vodka when he went to the hospital. Both the State and defense counsel admit-

ted they were unable to find any cases dealing with a subpoena for a defendant's entire medical record. The trial court indicated that HIPAA allowed for disclosure of medical information upon order of the court.

On February 29, 2008, the trial court issued a written decision. In the decision, the court noted that the issue is "whether or not a subpoena 'for all the defendant's medical records' is unreasonable, oppressive[,] or overbroad pursuant to People ex rel. Fisher v. Carey, 77 Ill. 2d 259, 270 (1979)." The court noted a lack of Illinois case law regarding subpoenaing a defendant's entire medical record but noted the Nohren case as instructive. People v. Nohren, 283 Ill. App. 3d 753, 670 N.E.2d 1208 (1996). In Nohren, this court stated "[w]e cannot agree that the subpoena here, which requested defendant's blood tests and specified the time period October 7 through October 9, 1995, was overbroad. The State did not request all of defendant's medical records." (Emphasis added.) Nohren, 283 Ill. App. 3d at 763-64, 670 N.E.2d at 1215. The court determined that the quote from Nohren suggested that a request for all of defendant's medical records, even for just one day, would be considered overbroad and denied the State's motion.

This appeal followed.

## II. ANALYSIS

The State argues that the trial court erred in denying

its request for a subpoena duces tecum.  The State argues that the court's reliance on Nohren was misplaced as the issue in Nohren was whether a subpoena for a defendant's blood test that specified a time period was overbroad and this court did not address the issue posed in this case.  Further, the State relies on People v. Mitchell, 297 Ill. App. 3d 206, 209, 696 N.E.2d 849, 852 (1998), wherein the court found that a defendant's request for a subpoena for police records limited to the day of defendant's traffic stop was not overbroad as it did not overburden the State and was not oppressive or unreasonable.  Finally, the State cites a recent Indiana case, State v. Eichhorst, 879 N.E.2d 1144, 1154 (Ind. App. 2008), that concluded the State's request for a subpoena for all of a defendant's medical records for the date she was treated for her injuries acquired in a traffic accident wherein she may have been intoxicated was "sufficiently limited in scope and specific in directive."

Defendant counters that Illinois statutes only allow release of chemical tests.  Section 8-802 of the Code of Civil Procedure (Code) states that "[n]o physician or surgeon shall be permitted to disclose any information he or she may have acquired in attending any patient in a professional character, necessary to enable him or her professionally to serve the patient."  735 ILCS 5/8-802 (West 2006).  Defendant claims only one exception to this general rule applies and it includes disclosure of chemical

- 4 -

tests "in prosecutions where written results of blood[-]alcohol tests are admissible pursuant to [s]ection 11-501.4 of the Illinois Vehicle Code." 735 ILCS 5/8-802(9) (West 2006). Section 11-501.4(b) establishes the foundational elements of admitting chemical tests in a prosecution for a DUI. 625 ILCS 5/11-501.4(b) (West 2006). Section 11-501.4 also states the following:

"The confidentiality provisions of law pertaining to medical records and medical treatment shall not be applicable with re-gard to chemical tests performed upon an individual's blood under the provisions of this [s]ection in prosecutions as specified in subsection (a) of this [s]ection." 625 ILCS 5/11-501.4(b) (West 2006).

Defendant also cites section 11-501.4-1 (625 ILCS 5/11-501.4-1 (West 2006)), which further delineates the method of disclosure of results of chemical tests in DUI prosecutions, and argues that this section does not authorize the release of the entire medical record of the patient, only the results of chemical tests. De-fendant argues these statutes prohibit disclosure of any other medical record information outside the results of chemical tests.

Alternatively, defendant argues that even if release of medical information other than written results of blood-alcohol

tests is proper, the subject of the State's subpoena was overly broad and would allow the State to embark on a "fishing expedition."

While section 8-802 prohibits disclosure of medical records unless an exception applies, it is not true that only the exception of section 8-802(9) applies to this case. Defendant dismisses as not applicable the exception of section 8-802(4), which creates an exception "in all actions brought by or against the patient, his or her personal representative, a beneficiary under a policy of insurance, or the executor or administrator of his or her estate wherein the patient's physical or mental condition is an issue." 735 ILCS 5/8-802(4) (West 2006). This court has already recognized in Nohren that an exception identical to subsection (4), then referred to as subsection (4.1), applied to the State's motion to view a defendant's blood tests, reasoning that "a DUI is an 'action[] brought against the patient' in which the patient's physical or mental condition is an element of the offense and therefore at issue." Nohren, 283 Ill. App. 3d at 762, 670 N.E.2d at 1214, quoting 735 ILCS 5/8-802 (4.1), (9) (West Supp. 1995). Section 8-802(4), therefore, allows release of medical information other than written results of blood-alcohol test.

The only issue is whether the State's request for all of defendant's medical records for the day he was treated for

injuries acquired in the accident was overly broad.  As both the parties and the trial court determined, no Illinois case addresses such a request.  In finding the request overbroad, the trial court relies on <u>dicta</u> in <u>Nohren</u> opining that a request for <u>all</u> of a defendant's medical records would be overbroad.  The hypothetical request in <u>Nohren</u> is broader, though, than the request in this case as the request in this case is limited to medical records only for the day of the accident.  Clearly, the State can request the results of chemical tests (735 ILCS 5/8-802(9) (West 2006)), and few would disagree that a request for all medical records is overbroad.  This case, though, falls in the middle.

An Indiana court found itself in a similar quandary when a prosecutor in a DUI case subpoenaed "[a]ny and all medical records (including test for blood[-]alcohol level and drug screen) on Ali Eichhorst *** treated on or about April 15, 2006." <u>Eichhorst</u>, 879 N.E.2d at 1154.  The Indiana court concluded that the prosecutor's request for medical records that related to the date of the accident would "naturally contain the medical staff's observations of Eichhorst, which could be relevant in determining whether she was intoxicated at the time of the accident" and found the subpoena "sufficiently limited in scope *** and directive." <u>Eichhorst</u>, 879 N.E.2d at 1154.

In this case, the State argued to the trial court that

it had evidence that a nurse and physicians who treated defendant on the day of the accident are potential witnesses and their observations and opinions are relevant and not protected under the patient-physician privilege.

We agree that the medical staff's observations of defendant on the date of the accident are relevant in determining whether defendant was intoxicated. The State had evidence that medical staff may have observed defendant's state of intoxication as a paramedic told an investigating officer that defendant appeared intoxicated and a nurse gave an investigating officer a bottle of vodka after defendant was admitted to the hospital.

We further note that the State argued to the trial court that under the subpoena, the hospital would return the medical records to the court in a sealed condition and the court could "make any sort of in camera inspection if it was required." In Mitchell, the court affirmed a defendant's subpoena for all of the police records relating to defendant's arrest on the date of the arrest and noted that "built-in safeguards for the review and release of information under a subpoena will adequately protect the State from unreasonable requests." Mitchell, 297 Ill. App. 3d at 209-10, 696 N.E.2d at 852. Release of defendant's medical records for the date of his alleged DUI to the court is not without safeguards and is not unreasonable.

Because access to defendant's medical records solely

for the date of the accident is relevant, material, and not privileged, the subpoena was sufficiently limited in scope and should have been granted.

### III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment and remand for further proceedings.

Reversed and remanded.

MYERSCOUGH, J., concurs.

APPLETON, P.J., dissents.

PRESIDING JUSTICE APPLETON, dissenting:

I respectfully dissent from the majority's decision. While I would agree that a subpoena properly would lie for the production of the mere fact of treatment and the identity of treating professionals, I believe the subpoena here was overbroad. The information sought should be received by testimony from the persons who treated defendant or with whom he otherwise had contact at the hospital. The nature of the information sought, i.e., defendant's state of intoxication, would not be privileged medical information subject to HIPAA. What was sought by the State would entitle it to know private medical information irrelevant to the charges lodged against defendant.