NOTICE

Decision filed 07/09/10, corrected 08/23/10. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-09-0300

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, ) | Appeal from the |
| ) | Circuit Court of |
| Plaintiff-Appellee, ) | Effingham County. |
| ) | |
| v. ) | Nos. 08-CF-8 & 09-DT-36 |
| ) | |
| CHRISTOPHER J. BAUER, ) | Honorable |
| ) | James J. Eder, |
| Defendant-Appellant. ) | Judge, presiding. |

_____

JUSTICE WEXSTTEN delivered the opinion of the court:

After he was indicted on two counts of felony aggravated driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(d)(1)(C) (West 2008)) in the circuit court of Effingham County, the defendant, Christopher J. Bauer, filed a motion to suppress evidence that he alleged the State had obtained by misusing the grand jury's subpoena power. Following a hearing, the circuit court denied the defendant's motion, and after a stipulated bench trial, the defendant was convicted of misdemeanor DUI (625 ILCS 5/11-501(a)(1) (West 2008)), with which he had been charged by information after the indictment had issued. We affirm.

BACKGROUND

On March 18, 2007, the defendant was involved in a motor vehicle collision in which he and the driver of one of the other vehicles were seriously injured and transported by helicopter to Carle Foundation Hospital (Carle) in Urbana, Illinois. In the course of his medical treatment at Carle, a specimen of the defendant's blood was drawn and tested for serum-alcohol level by hospital personnel.

1

Between March 18, 2007, the date of the accident, and January 15, 2008, the date the bill of indictment was issued, the grand jury issued a subpoena *duces tecum* on two occasions. A transcript of the grand jury proceedings on April 17, 2007, reveals that the Effingham State's Attorney appeared before and requested the grand jury to issue the first subpoena *duces tecum* for the results of the defendant's blood-alcohol test performed during the treatment he received on March 18, 2007. Accordingly, on April 17, 2007, the grand jury issued a subpoena *duces tecum* directing Carle to produce "to the Effingham County [g]rand [j]ury" records of "any and all blood and/or urine tests done and the results pertaining to [the defendant] for treatment received on or about March 18, 2007 [in addition to] reports *** for purposes of determining blood alcohol concentration of [the defendant]." In response to the subpoena *duces tecum*, Carle returned to the State's Attorney a document dated May 3, 2007, that indicated, "There were labs drawn, but none of them pertaining to [b]lood [a]lcohol [c]oncentration."

At the grand jury proceedings held on May 15, 2007, the State's Attorney appeared before and delivered to the grand jury the documents that had been sent to his office by Carle. The State's Attorney indicated that he had reviewed the documents that Carle had sent because when he received them in the mail, he did not recognize them to be grand jury material. The State's Attorney nevertheless asked the grand jury to release the documents to him so that he might look further into the matter with Carle, because he had a "hard time believing [Carle] did [not] somehow or other run blood alcohol on" the defendant. Accordingly, the grand jury released the documents to the State's Attorney.

At the grand jury proceedings on August 16, 2007, the State's Attorney requested the grand jury to issue the second subpoena *duces tecum* to Carle to acquire copies of general hospital records regarding the defendant, in an attempt to acquire blood test results that were not included in the documents returned in response to the grand jury's earlier subpoena.

2

During these proceedings, Ron Kilman, the State's Attorney's investigator, testified that Carle had disclosed that its emergency room might have administered on the defendant a preliminary breath test, as opposed to a blood evidence test. Accordingly, on August 16, 2007, the grand jury issued a second subpoena *duces tecum* requesting Carle to produce by September 13, 2007, to "the Effingham County [g]rand [j]ury" the "[g]eneral [h]ospital records pertaining to [the defendant] for treatment received on or about March 18[] and March 19, 2007." The first and the second subpoenas *duces tecum* were directed to Carle, the hospital where the defendant received treatment for his injuries. Both requested the production of documents to the Effingham County grand jury at its address, and both listed the State's Attorney's name and address on the lower left corner of the subpoena.

The "general hospital records" produced by the hospital on August 20, 2007, in response to the second subpoena *duces tecum*, did not include a record of blood-alcohol testing. The State's Attorney thereafter contacted the hospital, and on October 23, 2007, the hospital personnel disclosed to the State's Attorney the "lab blood alcohol serum results," indicating the defendant's serum-alcohol-concentration test result of .104.

At the grand jury proceedings held on November 15, 2007, the State's Attorney appeared before and delivered to the grand jury the Carle documents that included the defendant's serum-alcohol test results. While questioning Trooper Timothy Mehl, the State's Attorney stated, "[A]fter a lot of requests from both yourself and my office, for whatever reason, [Carle] figured out that there were *** documents under one patient number at the hospital," and "they have now sent to the grand jury a couple of more pages of documents that do include a blood alcohol level as opposed to a preliminary breath test that they had also done in the emergency room." The State's Attorney explained that Carle had again mailed the documents to his office and that he had opened them because Carle had not marked the envelope as grand jury material. The State's Attorney asked the grand jury to turn those

3

documents over to his office. Accordingly, on November 15, 2007, the grand jury released the materials from Carle to the Effingham County State's Attorney's office.

At the grand jury proceedings held on January 15, 2008, a special prosecutor with the appellate prosecutor's office presented evidence seeking an indictment against the defendant. Trooper Timothy Mehl testified regarding the accident of March 18, 2007, and the defendant's .104-serum-alcohol-concentration results. The special prosecutor requested the grand jury to issue a bill of indictment charging the defendant with two counts of aggravated DUI. Accordingly, on January 15, 2008, the defendant was indicted on two counts of aggravated DUI (625 ILCS 5/11-501(d)(1)(C) (West 2008)).

On September 16, 2008, the defendant moved to suppress the chemical-test evidence, which he alleged the State had obtained by misusing the grand jury's subpoena power. In his motion to suppress, the defendant alleged that the State had improperly acquired confidential medical information, including the result of the defendant's chemical analysis, by directing Carle to deliver the materials to the State through the use of the subpoena power of the grand jury.

In its motion in opposition to exclude the chemical-test evidence, the State asserted that, although some of the materials were misdelivered to the State's Attorney and he screened them prior to presentation to the grand jury, all materials obtained were derived from subpoenas which were properly issued by and returnable to the grand jury.

On November 10, 2008, after hearing evidence, the court by docket entry entered its order denying the defendant's motion to exclude the chemical-test evidence. In its order, the circuit court concluded that the defendant had failed to present sufficient evidence to establish an abuse of the grand jury subpoena power by the Effingham County State's Attorney. The court concluded that the blood-alcohol test results were obtained pursuant to a subpoena duly issued by the grand jury pursuant to its statutory powers, pursuant to a

4

proper request by the State's Attorney. The circuit court concluded that the State's Attorney first requested the grand jury to issue the subpoena, made the subpoena returnable to the Effingham County grand jury, presented the documents obtained to the grand jury, and formally requested the release of the documents on each occasion. The circuit court concluded that no evidence was presented to demonstrate that the State's Attorney had acted in bad faith or had intentionally caused Carle to return the documents to the State's Attorney's office rather than to the grand jury.

In its order, the circuit court further held that, unlike the grand jury subpoena challenged in *People v. DeLaire*, 240 Ill. App. 3d 1012 (1993), the grand jury subpoenas were issued preindictment, in an effort to determine whether there was sufficient evidence to charge the defendant with felony DUI. The circuit court also held that, unlike *People v. Wilson*, 164 Ill. 2d 436 (1994), and *People v. Feldmeier*, 286 Ill. App. 3d 602 (1997), the State's Attorney did not attempt to circumvent the Effingham County grand jury but repeatedly appeared before it to keep it informed and to seek permission to act under its authority.

On February 17, 2009, the parties proceeded to a stipulated bench trial on a charge of misdemeanor DUI, with which the State, by information, had charged the defendant on February 12, 2009. At the stipulated bench trial, the State submitted that, if the case were to go to trial, it would present Trooper Mehl's testimony that the defendant's vehicle crossed the centerline of the highway and hit two vehicles and Ronald Thoele's testimony that he and the defendant were consuming alcohol on the night and early morning of March 17 and 18, 2007, and that he was driving a vehicle behind the defendant's vehicle when he saw the defendant's vehicle swerve sharply to the left and collide with the vehicles for no apparent reason. The State also would have presented the testimony of Beth Spence, a phlebotomist employed at Carle, who would have testified that she drew blood from the defendant on March 18, 2007,

5

approximately 1½ hours after the accident, and the State would have presented evidence from the technicians that this blood sample was tested and revealed a serum-alcohol-concentration level of .104 grams per deciliter. The State would also have introduced evidence from Dr. Daniel Brown, Ph.D., an expert in blood-alcohol analysis, who would have testified that, to a reasonable degree of medical certainty, the defendant's blood-alcohol-concentration level at the time of the collision was .109 grams per deciliter.

After the stipulated bench trial, the circuit court found the defendant guilty of DUI, a Class A misdemeanor (625 ILCS 5/11-501(a)(1) (West 2008)). On March 13, 2009, the defendant filed a motion for a new trial.

On May 15, 2009, the circuit court entered a judgment and sentenced the defendant to 2 years' probation, 60 days' home confinement, and 180 hours of community service, plus fines and court costs. On the same date, the circuit court denied the defendant's motion for a new trial. On June 12, 2009, the defendant filed a notice of appeal.

ANALYSIS

The defendant contends that the State's Attorney's misuse of the grand jury's subpoena power facilitated the State's Attorney's unauthorized access to the defendant's confidential medical information, including the lab report of the .104-serum-alcohol-concentration test result. The defendant argues that, as a result, the chemical evidence was inadmissible at the trial.

"In determining whether a trial court has properly ruled on a motion to suppress, findings of fact and credibility determinations made by the trial court are accorded great deference and will be reversed only if they are against the manifest weight of the evidence." *People v. Slater*, 228 Ill. 2d 137, 149 (2008). "We review *de novo*, however, the ultimate question posed by the legal challenge to the trial court's ruling on a suppression motion." *Slater*, 228 Ill. 2d at 149.

6

"The grand jury has the power to issue subpoenas to obtain documents relevant to its inquiry when an individual is under investigation for a crime." *Wilson*, 164 Ill. 2d at 457; 725 ILCS 5/112-4(b) (West 2008). "Grand jury subpoenas are returnable to the grand jury, similar to how a witness, who is subpoenaed by the grand jury, must report to the grand jury." *Wilson*, 164 Ill. 2d at 457. "Issues of privilege and relevance of the documents are not relevant at the grand jury stage of an investigation, since the rules of evidence do not apply." *Wilson*, 164 Ill. 2d at 457-58. "The grand jury has the power to disclose subpoenaed documents to the State's Attorney for the purpose of the State's Attorney's furthering his responsibility of enforcing the law." *Wilson*, 164 Ill. 2d at 458.

"Except when investigating possible criminal conduct by the police themselves, the grand jury works in concert with the police to investigate alleged criminal behavior and to bring charges based thereon when probable cause exists to do so." *January 1996 Term Grand Jury*, 283 Ill. App. 3d 883, 891 (1996). "Further, the State's Attorney, who is the county's chief law enforcement officer, coordinates the work of the grand jury and the police." *January 1996 Term Grand Jury*, 283 Ill. App. 3d at 891.

"Article 112 of the Code of Criminal Procedure of 1963 (725 ILCS 5/112-1 *et seq.* (West 1994)), which governs grand jury proceedings, makes clear the close working relationship between the State's Attorney, the grand jury, and the police." *January 1996 Term Grand Jury*, 283 Ill. App. 3d at 891. Section 112-3(b) provides that the grand jury shall convene as ordered by the circuit court "on its own motion or that of the State's Attorney." 725 ILCS 5/112-3(b) (West 2008). The Code of Criminal Procedure of 1963 also provides that "[t]he [g]rand [j]ury shall hear all evidence presented by the State's Attorney" (725 ILCS 5/112-4(a) (West 2008)) and has "the right to subpoena and question any person against whom the State's Attorney is seeking a [b]ill of [i]ndictment, or any other person, and to obtain and examine any documents or transcripts relevant to the matter being prosecuted by

7

the State's Attorney" (725 ILCS 5/112-4(b) (West 2008)). A disclosure of matters before the grand jury, which would otherwise be prohibited, may be made to a State's Attorney for use in the performance of his duty and such government personnel as are deemed necessary by the State's Attorney in the performance of his duty to enforce state criminal law. 725 ILCS 5/112-6(c)(1) (West 2008).

"The only limitation–if it even can be called that–on the State's Attorney's power to disclose grand jury proceedings to 'government personnel' (an intentionally broad term which, at a minimum, includes the police) is that the State's Attorney must promptly provide the court that impaneled the grand jury with the names of the persons to whom such disclosure has been made." *January 1996 Term Grand Jury*, 283 Ill. App. 3d at 891-92; 725 ILCS 5/112-6(c)(2) (West 2008).

The broad investigative power of the grand jury has been described as follows:

"The grand jury occupies a unique role in our criminal justice system. It is an investigatory body charged with the responsibility of determining whether probable cause that a crime has occurred exists. The grand jury can investigate merely on a suspicion that the law is being violated or even just because it wants assurance that it is not. [Citation.] *** The State is not required to justify the issuance of a subpoena by establishing probable cause because the very purpose of the request is to ascertain whether probable cause exists." *DeLaire*, 240 Ill. App. 3d at 1021.

In *Wilson*, 164 Ill. 2d at 457, the defendant claimed that the State's Attorney abused the grand jury's subpoena power to obtain his records. "The State's Attorney served a subpoena on the McLean County Center for Human Services for production of all clinical records regarding defendant. The subpoena and records were made returnable to the State's Attorney's office, rather than to the grand jury. The subpoena stated that the records were needed by the grand jury in the investigation of a homicide and that the records were related

8

directly to the immediate circumstances of a homicide. The subpoena was not prepared at the direction of the grand jury, but at the direction of the State's Attorney. The State's Attorney claimed that he acted 'in anticipation of the grand jury's consideration of matters under investigation' when issuing the subpoenas. The records were never shown to the grand jury." *Wilson*, 164 Ill. 2d at 457.

The Illinois Supreme Court in *Wilson* concluded that the State's Attorney misused the grand jury process in obtaining the subpoenas, by substituting his authority to obtain subpoenas for that of the grand jury and by not requiring that the documents be returnable to the grand jury. The court held, however, that the defendant was not prejudiced by the process used to obtain his mental health records because if the proper procedures had been followed, the State's Attorney could still have received the documents from the grand jury. *Wilson*, 164 Ill. 2d at 458.

In the present case, as held by the circuit court, the case for a misuse of the grand jury process is not persuasive because the grand jury subpoenas were issued by the grand jury preindictment (*cf. DeLaire*, 240 Ill. App. 3d at 1021 (the postindictment use of a grand jury subpoena *duces tecum*, to acquire material the State should have obtained through formal discovery procedures, was held to be improper)), the documents were returnable to the grand jury (*cf. Wilson*, 164 Ill. 2d at 457 ("[t]he subpoena and records were made returnable to the State's Attorney's office")), and the State's Attorney did not attempt to circumvent the grand jury but repeatedly appeared before it to keep it informed and to seek permission to act under its authority (*cf. Wilson*, 164 Ill. 2d at 457 ("[t]he records were never shown to the grand jury")).

However, if we were to conclude that the State's Attorney misused the grand jury process in acquiring the subpoenas, as in *Wilson*, the defendant here was not prejudiced by the process used to obtain his medical records. See *Wilson*, 164 Ill. 2d at 458. If the

allegedly improper procedures had not occurred, the State's Attorney could still have received the documents from the grand jury. See *People v. Popeck*, 385 Ill. App. 3d 806, 811 (2008) (because access to the defendant's medical records for the date of his alleged DUI offense was relevant, material, and not privileged, the subpoena was sufficiently limited in scope and should have been granted).

Indeed, the Illinois Vehicle Code provides that the results of blood tests performed to determine alcohol content in a person receiving treatment in a hospital emergency room for injuries resulting from a motor vehicle accident may be disclosed to the Department of State Police or local law enforcement agencies upon a request, and the confidentiality provisions of law pertaining to those medical records and medical treatment shall not be applicable with regard to those tests. 625 ILCS 5/11-501.4(a) (West 2008); *People v. Jung*, 192 Ill. 2d 1, 5 (2000) (when a person obtains a driver's license, he consents to conditions imposed by the legislature in exchange for that privilege, including the conditions imposed under statute allowing the results of physician-ordered blood or urine tests conducted in the course of emergency treatment for injuries resulting from a motor vehicle accident to be reported directly to state or local law enforcement officials, and a waiver of a driver's privacy interest in his blood or urine test results in this situation is reasonable and does not violate his constitutional right to privacy); *People v. Nohren*, 283 Ill. App. 3d 753, 762 (1996) (the health care practitioner-patient privilege set forth in section 8-802 of the Code of Civil Procedure (735 ILCS 5/8-802 (West 1994)) permits the disclosure of the defendant's blood-alcohol tests in DUI prosecutions, pursuant to section 11-501.4 of the Illinois Vehicle Code (625 ILCS 5/11-501.4 (West 1994))). Accordingly, we cannot conclude that the defendant was prejudiced by the process used to obtain his blood-alcohol test records. See *Wilson*, 164 Ill. 2d at 458.

In arguing that the State's Attorney obtained unauthorized access to the defendant's

confidential medical information with an allegedly invalid grand jury subpoena, the defendant seems to intimate that the State's conduct violated the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (45 C.F.R. §164.512 *et seq.* (2005)). However, HIPAA does not create a privilege for patients' medical information; it merely provides the procedures to follow for the disclosure of that information from a "covered entity." *United States v. Bek*, 493 F.3d 790, 802 (7th Cir. 2007); *Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923, 925-26 (7th Cir. 2004). Although HIPAA provides for penalties against entities that fail to comply with its provisions (42 U.S.C. §§1320d-5, 1320d-6 (2006)), law enforcement agencies, including the office of the State's Attorney, are not covered entities under HIPAA. See 45 C.F.R. §§160.102, 164.104, 164.502(a) (2005) (a "covered entity" is defined to include health care plans, health care clearinghouses, and health care providers); see generally *Coy v. Washington County Hospital District*, 372 Ill. App. 3d 1077, 1081 (2007) (the application of HIPAA's privacy rule is limited to health plans, health care clearinghouses, and qualified health care providers, each of which is defined as a "covered entity").

Even if the grand jury subpoena had been insufficient pursuant to HIPAA's law enforcement exception (45 C.F.R. §164.512(f)(1)(ii)(B) (2005) (a health care provider may disclose protected health information to a law enforcement official "[i]n compliance with and as limited by the relevant requirements of *** [a] grand jury subpoena")), the defendant fails to cite any authority which compels that medical information so obtained must be suppressed, and HIPAA does not contain that remedy. See *State v. Eichhorst*, 879 N.E.2d 1144, 1154-55 (Ind. App. 2008) (HIPAA does not provide that evidence given in violation of HIPAA should be suppressed or excluded in a criminal setting); *State v. Straehler*, 2008 WI App. 14, ¶13, 307 Wis. 2d 360, 745 N.W.2d 431 ("HIPAA does not provide for suppression of the evidence as a remedy for a HIPAA violation"); *State v. Downs*, 2004-2402, p. 8 (La. App. 1 Cir.

11

9/23/2005); 923 So. 2d 726, 731 (noting that the district attorney's office is not a "covered entity" under HIPAA and stating that "if relator's complaint is that a HIPAA violation occurred, relator should file a complaint against the covered entity that disclosed the information"); see also *United States v. Zamora*, 408 F. Supp. 2d 295, 298 (S.D. Tex. 2006) (HIPAA was not intended to be a means for evading criminal prosecution). Further, the defendant did not argue that HIPAA provided a basis for suppression in the trial court below. See *People v. O'Neal*, 104 Ill. 2d 399, 407 (1984) (issues not raised in the trial court are generally considered waived on appeal).

Consequently, we affirm the circuit court's order denying the defendant's motion to suppress the defendant's serum-alcohol-concentration test results.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court of Effingham County.

Affirmed.

GOLDENHERSH, P.J., and STEWART, J., concur.

NO. 5-09-0300

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, )<br><br>    Plaintiff-Appellee, )<br> )<br>v. )<br> )<br>CHRISTOPHER J. BAUER, )<br> )<br>    Defendant-Appellant. ) | Appeal from the<br>Circuit Court of<br>Effingham County.<br><br>Nos. 08-CF-8 & 09-DT-36<br><br>Honorable<br>James J. Eder,<br>Judge, presiding. |

**Opinion Filed**:　　　July 9, 2010

**Justices**:　　　Honorable James M. Wexstten, J.,

Honorable Richard P. Goldenhersh, P.J.,
Honorable Bruce D. Stewart, J.,
Concur

**Attorney for Appellant**　　　Lou J. Viverito, Taylor Law Offices, P.C., 122 East Washington Avenue, P.O. Box 668, Effingham, IL 62401-0668

**Attorneys for Appellee**　　　David Rands, Special Prosecutor, 308 South Kitchell Avenue, Olney, IL 62450; Patrick Delfino, Director, Stephen E. Norris, Deputy Director, Rebecca E. McCormick, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, 730 E. Illinois Highway 15, P.O. Box 2249, Mt. Vernon, IL 62864